UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EUGENE COINS, JR., | Case No. 3:17-cv-00090-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| FRYE, et al., | |
| Defendants. | |

**I.  DISCUSSION**

On February 10, 2017, Plaintiff filed a complaint with this Court. (ECF No. 1-1; ECF No. 3 at 20-21.) On February 13, 2017, the Court sent Plaintiff a letter advising him that, if he changed his address, he was required to immediately file with the Court written notification of any change of address and include proof of service upon each opposing party or party's attorney. (ECF No 2 at 1.) That letter further advised Plaintiff that, if he failed to comply with this rule, the Court might dismiss his case with prejudice.[1] (*Id.*) Plaintiff asserts that he tried at one point to notify the Court of his changed address with a postcard, but the postcard was returned to him. (ECF No. 8 at 1-2.) On January 12, 2018, the Court sent a screening order to Plaintiff's address of record. (ECF No. 3.) In

///

---

[1] Nevada Local Rule of Practice IA 3-1 provides that a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." LR IA 3-1.

1

that screening order, the Court informed Plaintiff that, if he failed to amend his complaint within thirty days, the Court would dismiss the complaint with prejudice for failure to state a claim. (ECF No. 3 at 8.) Plaintiff did not receive the screening order at that time. Plaintiff did not comply with the deadline for amending his complaint, and the Court dismissed his complaint with prejudice on February 21, 2018. (ECF No. 5). Plaintiff subsequently contacted Washoe Legal Services to try to learn the status of his case. (ECF No. 7 at 4.) Plaintiff was advised by Washoe Legal Services that the Court already had screened and dismissed his case and that he should file a motion for reconsideration requesting the Court to set aside the dismissal. (ECF No. 7 at 4.) Washoe Legal Services also provided Plaintiff with a copy of the Court's screening order and a complaint form for Plaintiff to complete. (*Id.*) Plaintiff now has filed a motion for reconsideration (ECF No. 7), asking the Court to reopen the case, but he still has not filed the required first amended complaint.

The Court will grant the motion to reconsider, will reopen the case, and will give Plaintiff one last chance to file a first amended complaint to cure the deficiencies in his original complaint. If Plaintiff fails to file a first amended complaint within thirty days of this order, this action will be dismissed with prejudice for failure to state a claim.

Plaintiff is once again advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must

///

///

2

file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion for reconsideration (ECF No. 7) is granted.

It is further ordered that the Clerk of the Court will reopen the case.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff must file the amended complaint within thirty (30) days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of his original complaint (ECF No. 4), and a copy of this Court's screening order (ECF No. 3). If Plaintiff chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff fails to timely file an amended complaint curing the deficiencies outlined in the screening order (ECF No. 3), this action will be dismissed with prejudice for failure to state a claim.

It is further ordered that Plaintiff must continually keep the Court apprised of his current address with explicit written notification to the Court and opposing parties of the change of address. Failure to comply with this rule may result in the dismissal of Plaintiff's action with prejudice.

DATED THIS 18th day of April 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE