**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EUGENE COINS, JR.,

    Plaintiff,

v.

FRYE, *et al.*,

    Defendants.

3:17-cv-0090-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to enforce settlement agreement (ECF No. 68). Plaintiff opposed the motion (ECF No. 69), and defendant replied (ECF No. 70).[1] As more fully set forth below, the court recommends defendants' motion be granted.

**I.    Procedural History**

Plaintiff Eugene Coins ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Plaintiff sued for events that occurred while he was incarcerated at the Northern Nevada Correctional Center ("NNCC"). Plaintiff is currently housed at Warm Springs Correctional Center ("WSCC"). The court screened plaintiff's complaint which generally alleges an Eighth Amendment failure to protect claim and an Eighth Amendment claim for deliberate indifference to serious medical needs for a fall and the resulting injuries (ECF No. 17).

On May 5, 2020, a video settlement conference was conducted before the undersigned Magistrate Judge and the parties reached a settlement (ECF No. 60). The terms of the settlement were placed on the official court record (ECF No. 73). The court

---

[1] Other documents were filed and reviewed by the court in relation to this motion: ECF Nos. 65, 72, & 73).

1  stated on the record that it would recite the terms of the settlement and that if any party
2  or counsel required clarification or had any questions, that person was invited to so
3  advise the court. (*Id.* at 2:13 – 3:6). The court further stated that an essential term of the
4  settlement was that the parties had a binding agreement that day, and the court would
5  canvass the parties and counsel to confirm that they understood and agreed to the
6  settlement terms. (*Id.* at 2:13-25). The court noted that although the parties had a
7  binding settlement agreement that day, defendants' counsel was to memorialize those
8  terms in a written settlement agreement for the parties' signatures. (*Id.* at 3:7 – 4:7).
9  However, the parties understood and agreed that that fact would be no basis to renege
10 on the settlement. (*Id.* at 4:8 – 4:19 & 6:5-19).

   The terms of the settlement stated on the record and agreed among the parties
12 and counsel were as follows:

13    1.    NDOC would be waiving or "wiping clean" plaintiff's department one
14 debt in the amount of $347.53. (*Id.* at 4:22-25).

15    2.    NDOC would be attempting to obtain an expedited medical
16 appointment related to plaintiff's hips and knees. (*Id.* at 4:25 – 5:5).[2]

17    3.    NDOC and all defendants would be released of any liability; that the
18 case would be dismissed with prejudice; that the case could not be revived. (*Id.* at 5:19
19 – 6:4).

20    4.    The parties agreed to stipulate to dismiss with prejudice this case in
21 its entirety. (*Id.* at 6:5-19).

---

[2] The court also advised plaintiff that the NDOC would do everything they could to make the expedited medical appointment, but given the fact that plaintiff's release date was within a couple of months there was a possibility he may not be seen before his release. Plaintiff confirmed that he understood this provision. (*Id.* at 5:6 – 5:17).

2

  5.    Defendants would file a motion seeking relief from the filing fee.  (*Id.* at 6:21 – 7:9).³

When the court, counsel and the parties put the settlement terms on the record, the court inquired of all present if there were any clarifications or questions concerning the settlement.  Aside from an unrelated question from plaintiff about obtaining a fan plaintiff responded that he had no other questions or clarifications.  (*Id.* at 7:11 – 8:21)

Subsequent to the settlement conference, defense counsel drafted a settlement agreement that set forth the terms of the agreement and sent the same to the plaintiff together with a stipulation to dismiss with prejudice (ECF No. 68-1).  Defense counsel held a telephone conference with plaintiff who thereafter repudiated the agreement and refused the sign the documents because it was not "lucrative" for him to do so.  (*Id.*)  The court then convened a status hearing on this matter in an attempt to clarify the agreement with the plaintiff which proved unsuccessful (ECF No. 67).

## II.    Discussion and Analysis

Courts have inherent authority to enforce settlement agreements between parties in pending cases.  *See Metronet Services Corp. v. U.S. West Communications*, 329 F.3d 986, 1013-1014 (9th Cir. 2003). (*cert. granted and judgment vacated on other grounds by Quest Corp. v. Metronet Services Corp.*, 540 U.S. 1147 (2004); *Doi v. Halekulani Corporation*, 276 F.3d 1131, 1136-1138 (9th Cir. 2002); *In re City Equities Anaheim*, Ltd., 22 F.3d 954, 957, (9th Cir. 1994).

To enforce a settlement agreement, two elements must be satisfied.  *Marks-Foreman v. Reporter Pub Co.*, 12 F.Supp 1089, 1092 (S.D.Cal. 1998).  First, the settlement agreement must be complete.  *Id.*, *citing Maynard v. City of San Jose*, 37

---

³ This motion was granted by the court in ECF No. 62.

3

F.3d 1396, 1401 (9th Cir. 1994); Doi, 276 F.3d at 1137.  Second, the settlement agreement must be the result of an agreement of the parties or their authorized representatives concerning the terms of the settlement.  *Marks-Foreman*, 12 F.Supp at 1092, citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-1145 (9th Cir. 1977), *Doi*, 276 F.3d at 1137-1138.  Where parties raise objections after the parties agree to a settlement, the court may rightfully deny such objections.  *Harrop*, 550 F.2d at 1144.

The court must first consider whether the settlement agreement was complete.  *Marks-Foreman*, *supra*, at 1092.  In this case, as in *Doi*, 276 F.3d 1131, the parties spent significant time in private and joint sessions and agreed to a settlement of this case.  The parties and counsel then reconvened in open court to place the material terms of the agreement into the record (ECF No. 73).  The parties and counsel stated that they understood and agreed that they had a binding settlement that day, that the terms could not be changed, even though a written settlement agreement memorializing the terms would follow.  The settlement was complete on May 5, 2020 when the parties agreed to each material term. (*Id.*)

The court must then consider whether the settlement agreement was the result of an agreement of the parties or their authorized representatives.  *Marks-Foreman*, *supra*, at 1092.  There is no dispute that plaintiff and defendants' authorized representative agreed to the stated terms of the settlement.

### III.   Conclusion

The parties agreed to the materials terms of the settlement in the case and placed them on the court record.  Plaintiff received what he bargained for at the settlement conference as more fully set forth above.  The bargain is memorialized in the court's record (ECF No. 73), defendants stand ready and willing to perform in accordance with

4

the agreement, and plaintiff's change of heart with respect to the settlement is no basis to set it aside.

The Court notes that plaintiff has refused to sign the written settlement agreement and the stipulation for dismissal of this case with prejudice.  The court anticipates that plaintiff will continue to refuse to sign these settlement documents.  Therefore, this court recommends that the District Court grant defendants' motion to enforce the settlement agreement (ECF No. 68), order that the settlement agreement stated in this order on pages 2:12 – 3:2 be ratified as a binding agreement.  The Court further recommends that the defendants be ordered to perform the terms of the settlement, and the District Court order this case dismissed with prejudice with the parties to bear their own costs and attorney's fees.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**IV.   Recommendation**

IT IS THEREFORE RECOMMENDED that the District Court enter an order as follows:

1.    **GRANTING** defendants' motion to enforce the settlement agreement (ECF No. 68);

2.     **ORDERING** order that the settlement agreement stated in this order on pages 2:12 -3:2 be ratified as a binding agreement;

3.     **ORDERING** defendants to perform under the terms of the settlement agreement as outlined in this order; and

4.     **DISMISSING** this case with prejudice with the parties to bear their own costs and attorney's fees.

**DATED**: August 6, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**