UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EUGENE COINS, JR., <br><br>                Plaintiff, <br>    v. <br><br> FRYE, <br><br>               Defendant. | Case No. 3:17-cv-00090-MMD-CLB <br><br> ORDER |

**I.  SUMMARY**

*Pro se* Plaintiff Eugene Coins, Jr. brings this civil rights action under 42 U.S.C. § 1983. Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 76), recommending the Court grant Defendant Amber Fryer's motion to enforce the settlement agreement the parties entered into in open court (ECF No. 68). Plaintiff filed an objection to the R&R.[1] (ECF No. 77.) Because the Court agrees with Judge Baldwin that Plaintiff entered into a binding settlement agreement in open court (ECF Nos. 60 (settlement conference), 73 (transcript)), and as further explained below, the Court will accept and adopt the R&R in full.

**II.  BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 76 at 1.) Plaintiff was incarcerated at the Northern Nevada Correctional Center during the time relevant to this action. (*Id.*) The Court incorporates by reference Judge Baldwin's recitation of the factual and procedural background as provided

---

[1] Defendant filed a response to Plaintiff's objection. (ECF No. 78.)

in the R&R, which the Court adopts. (*Id.* at 1-3.)

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed an objection. (ECF No. 77.)

## IV. DISCUSSION

As Judge Baldwin indicated throughout the R&R, this case is analogous to *Doi v. Halekulani Corp.*, 276 F.3d 1131 (9th Cir. 2002). (ECF No. 76.) Here, as in *Doi*, Plaintiff entered into a binding settlement agreement, on the record in open court, but later attempted to repudiate the settlement agreement and refused to sign a written copy prepared by Defendant's counsel. (*Id.* at 3.) *See also Doi*, 276 F.3d at 1133-36. And while in *Doi* there was some arguable ambiguity in the plaintiff's acceptance of the terms of the settlement agreement, *see id.* at 1136-37, here, Plaintiff clearly stated he agreed to enter into a binding settlement agreement (ECF No. 73 at 3), stated several times he understood the agreement he was entering into (*id.* at 3-8), and even responded, "I fully understand[,]" when Judge Baldwin asked him whether he understood, "regardless of whether you have any misgivings later today or tomorrow or even a week from now, today is a binding settlement, so you cannot change your mind once you agree to the terms of this on the record" (*id.* at 4). In *Doi*, the Ninth Circuit rejected the plaintiff's challenge to the settlement agreement. *See Doi*, 276 F.3d at 1131. Analogously, and on de novo review, the Court agrees with Judge Baldwin that Plaintiff cannot repudiate the terms of the settlement agreement he entered into in this case.

In Plaintiff's objection, he merely reiterates that he no longer wants to enter into a settlement agreement in this case, and provides some reasons why. (ECF No. 77.) Defendant persuasively responds that Plaintiff does not dispute agreeing to the settlement

terms, or argue that Judge Baldwin misapplied the law to the facts. (ECF No. 78 at 1.) The Court agrees with Defendant. The Court cannot countenance Plaintiff agreeing to settle his "case in open court, then subsequently disavowing the settlement when it suits" him. *Doi*, 276 F.3d at 1141. Even if Plaintiff now provides different reasons for why he would like to renege on the settlement agreement, those reasons are immaterial. (ECF No. 77.) As Judge Baldwin found, Plaintiff entered into a binding settlement agreement on the record. (ECF No. 76.) Plaintiff's objection (ECF No. 77) is overruled.

The Court will therefore accept and adopt the R&R in full, and dismiss this case. Because the Court will dismiss this case, the Court will also deny Defendant's pending motion for summary judgment (ECF No. 52) as moot.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 76) is accepted and adopted in full.

It is further ordered that Defendant's motion to enforce the settlement agreement (ECF No. 68) is granted.

It is further ordered that the settlement agreement stated on the record (ECF No. 73) and summarized in the R&R (ECF No. 76 at 2:12-3:2) is a binding agreement.

It is further ordered that Defendant must perform her obligations under that settlement agreement (ECF No. 76 at 2:12-3:2).

It is further ordered that Defendant's motion for summary judgment (ECF No. 52) is denied as moot.

It is further ordered this case is dismissed with prejudice, with the parties to bear their own costs and attorney's fees.

///

1 | The Clerk of Court is directed to close this case.

2 | DATED THIS 28th day of September 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE